JULES A. RANDLE *vs.* ADRIAN L. MELLEN.

*Attachment against a Non-resident or Absconding debtor-*
*Construction of sec. 25, of Art. 10, of the Code, relating to*
*Attachments issued After two Returns of non est.*

The proceeding by way of attachment against a non-resident or absconding debtor is, in this State, regulated and governed entirely by statute, and available only in those cases, expressly provided for in the statutes authorizing it, and only then capable of being maintained, by a substantial compliance with the statutory requirements apparent upon the face of the papers.

If the summons in attachment be returned *non est* and the defendant does not appear to the short note to contest the claim, nor give bond to dissolve, then, if the attachment be quashed, the whole statutory proceeding and every part of it, including the summons and the short note, fall with it, and are forever out of Court, unless the quashing order is reversed on appeal.

Section 25, of Article 10, of the Code, providing for attachments upon two returns of *non est*, applies to cases which the Court, in the exercise of its general jurisdiction, has the power to try and decide, and does not apply to returns made in an attachment proceeding under a special, limited and statutory jurisdiction.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*John Hinkley*, and *Edward Otis Hinkley*, for the appellant.

There was error in striking out the judgment for attachment after two *non ests*, in the manner stated.

1. It was a judgment of a Court of competent jurisdiction, which could not be stricken out in this way.

2. If there was error, it was the subject of an appeal from that judgment.

3. Section 21, of Article 10 of the Code, does not apply to judgments for attachment after two *non ests.* *Campbell vs. Morris,* 3 *Harr. & McH.,* 553.

The evidence given at trial, is not the subject of inquiry after judgment, except on motion for new trial, and this is not such a case. It is a judgment and must stand. Section 25 of the Code, says: "upon proof of his claim," the Judge must have had proof, and it must have been satisfactory.

The section also, says, "proof of his claim as hereinbefore required." This refers back to section 4, "*unless* there be an affidavit."

In the original Act of 1715, ch. 40, secs. 2 and 3, it stood—"and making such proof of his action as the said respective Courts shall see fit." See *Hinkley and Mayer on Attachment, ch. XXVI, p.* 120, *&c.,* and *ch. II, page* 8, *&c.; Poe on Practice, sec.* 471, *p.* 571 ; *Evans' Practice,* 94, 119, 120 ; *Barney vs. Patterson,* 6 *H. & J.,* 200.

The short note or declaration of the plaintiff against the defendant in every attachment is a distinct case, and leads to a different issue and judgment from the attachment itself, which last, when laid in the hands of a garnishee, is a case between defendant as if another plaintiff against the garnishee; or this last, if property be taken, is a proceeding *in rem,* as to which claimants may come in. That there are two cases in every attachment has often been held. *Barr vs. Perry,* 3 *Gill,* 322, 326 ; *Spear vs. Griffin,* 23 *Md.,* 428, 429 ; *Lambden vs. Bowie,* 2 *Md.,* 339, 340 ; *Hirsh Bros. vs. Thurber,* 54 *Md.,* 211 ; *Locke on Foreign Attachment,* (79 *Law Library,* 56.)

Code, Article 10, sec. 10, expressly provides that "there shall be issued with every attachment a writ of summons against the defendant, and a declaration or short note." *Hinkley and Mayer on Attachment, ch. VIII, page* 29.

Randle *vs.* Mellen.

The short note will serve as a declaration and no other need be filed. *Barr vs. Perry,* 3 *Gill,* 322 ; *Spear vs. Griffin,* 23 *Md.,* 428.

There are always two cases docketed—one on the original debt, that is between plaintiff and defendant, and the other between defendant and garnishee, if it be laid in the hands of a garnishee. If there be several separate garnishees, an additional case is docketed for every separate garnishee. *Farmers Bank vs. Brooks,* 40 *Md.,* 258.

This case is certainly within the very letter of the law.

The affidavit was rightly made at the commencement of the action, as well by the practice of the common law as under the Act of 1886, ch. 184 ; and no new affidavit is necessary after the second *non est.*

In *Locke on Foreign Attachment,* (79 *Law Library,*) *pages* 1 and 2, the origin of foreign attachment at common law is given. On page 6, it is said that the common law practice was to file an affidavit at the beginning of the suit.

The last chapter in *Locke on Attachment, page* 68, &c., shows the practice in *sequestration,* as it is there called, being our present attachment in cases against absconding debtors. See also *Drake on Attachment,* 1; 2.

The common law is, by the Declaration of Rights, the law of Maryland, except so far as changed by statute. Our attachment law is of common law origin. *Barney vs. Patterson,* 6 *H. & J.,* 200 ; *Turner vs. Lytle,* 59 *Md,* 203.

It is true that it is said in several cases that the attachment law is of statutory origin, and must be construed strictly, because it is in derogation of the common law. See *Boarman vs. Israel,* 1 *Gill,* 381 ; *Risewick vs. Davis,* 19 *Md.,* 91 ; *McPherson vs. Snowden,* 19 *Md.,* 233.

But in view of what is said in *Barney vs. Patterson,* and in *Turner vs. Lytle,* and in *Locke on Attachment,* and *Drake on Attachment,* it would seem that the remedy by attachment was a common law remedy, to which the inhabitants

of Maryland were entitled ; and that the laws enacted in Maryland only put certain restrictions on its use, by regulating the mode of procedure, which must be followed.

*Theophilus B. Horwitz,* for the appellee.

The obvious meaning of section 25 of Article 10, of the Code, and the well-established practice in all the law Courts of the City of Baltimore, is that the affidavit required by section 4, must be made *after* the second summons has been returned *non est* against the absent defendant. It is the duty of the Court to protect the absent citizen who is made a defendant in an attachment suit, " from summary proceedings." The only evidence the Judge of the Court wherein such action is pending, has, *after* the second summons has been returned *non est* that the defendant is *then* indebted to the plaintiff, and which justifies the Judge in ordering the writ of attachment to issue against the absent defendant's property, is an affidavit made by the plaintiff *after* the second summons has been returned *non est.* The said order of 12th of July, 1886, is a printed order, and was signed by Judge DUFFY without a moment's reflection, and, as he says, " as an order of course," and therefore, improvidently. Sec. 25 of Art. 10 of the Code. *Risewick vs. Davis,* 19 *Md.,* 91, 93 ; *McPherson vs. Snowden,* 19 *Md.,* 233.

MILLER, J., delivered the opinion of tho Court.

This appeal is from an order quashing an attachment. The proceedings in the case must be stated with some particularity, in order that it may be clearly seen how the questions to be disposed of, arise.

It appears from the record, that Randle procured an attachment on warrant, to be issued out of the Court of Common Pleas against Mellen, as an absconding debtor. The evidence of debt produced before the magistrate, was a draft for $1219.50 drawn by Mellen at Monterey, in

Mexico, upon a New York firm, payable to the order of Randle, and protested for non-payment. The short note in the usual form declares upon this protested draft. The writ of attachment and the usual summons provided for in sec. 10, Art. 10 of the Code, were issued on the 21st of May, 1886, returnable to the June rule day, which was the 14th of June. On the 11th of June, and before the return day, Mellen's son, in behalf of his father, filed a petition to the Judge of the Court, under sec. 21, Art. 10 of the Code, praying that the writ of attachment be quashed and set aside. In this petition the son states, among other reasons why the writ should be quashed, that this draft was obtained from his father by Randle without any consideration and upon a threat. The Judge thereupon, and on the same day, (11th of June,) and in compliance with the requirements of this section of the Code, ordered the sheriff to return the writ and the proceedings thereunder immediately before him, and set the petition down for hearing on the 19th of June. The sheriff then made his return in obedience to this order. The return to the *summons* was in the usual form, "*non est* and copy set up at the Court House door," and to the attachment "attached as per schedule," and laid in the hands of several garnishees. The record then states that afterwards, on the 19th of June, "*an alias writ of summons* was issued in the usual form to the sheriff, returnable to the July rule day," (which was the 12th of July,) "and was by him duly returned *non est.*" After this, on the 7th of July, a *demurrer* (as the record states) was made to the petition of Mellen's son, in open Court, and the Court overruled the same, and *quashed the attachment.*

Notwithstanding the attachment was thus quashed on the 7th of July, Randle, afterwards, on the 12th of the same month, (the return day of the *alias* writ of summons,) filed a petition in the case to the Judge, setting forth that Mellen had been twice successively returned

*non est* by the sheriff, (the returns being those already mentioned,) and praying judgment for the writ of attachment to issue against his lands, tenements, goods and chattels, and on the same day the Judge ordered the writ to issue. This writ with the accompanying summons for Mellen was accordingly issued, returnable to the August rule day, which was the 9th of that month. On the 31st of July, and before the return day of this second writ, Mellen's son, in behalf of his father, filed another petition (the averments of which it is not necessary to state,) under the same section of the Code, praying that the order directing this attachment to issue be rescinded, and that this attachment he also quashed and set aside. The Judge thereupon passed the same order, and the same proceedings followed as in the case of the first attachment. Upon the final hearing of this second petition, which was, as the record states, after evidence had been taken for and against the same, the Court on the 1st of December, 1886, passed an order rescinding the order which had directed this second attachment to issue, and quashed the same and the proceedings thereunder. From this order Randle has taken the present appeal.

It is manifest that counsel for Randle in conducting the case in the Court of Common Pleas, proceeded upon the assumption that what is usually called the *short note case,* was not affected by the quashing of the attachment on the 7th of July. They also assumed that they had the right to order an *alias* summons on the 19th of June, after the one issued with the attachment had been returned *non est,* and to use these two returns in the short note case for the purpose of obtaining an attachment under sec. 25, Art. 10, of the Code. But we do not so understand or interpret the attachment law. In our opinion neither of these assumptions is warranted by any provision of that law, nor by any established practice thereunder. The proceeding by way of attachment against a non-resi-

Randle *vs.* Mellen.

dent or absconding debtor, is, in this State, regulated and governed entirely by statute. Though now in common and daily use, it is still nevertheless regarded as an extraordinary proceeding, available only in those cases expressly provided for in the statutes authorizing it, and only then capable of being maintained by a substantial compliance with the statutory requirements apparent upon the face of the papers. The jurisdiction conferred upon the Courts in such cases is uniformly held to be special and limited, distinct from and not embraced within their general jurisdiction, and cannot be legitimately exercised, unless the attaching creditor pursues the mode pointed out in the statute, and no intendment or presumption will be made in its support. 2 *Poe's Pl. & Pr.*, sec. 502. The mode of obtaining an attachment on warrant is familiar to the profession, and is clearly prescribed in the Code. One of these provisions is that "there shall be issued with every attachment, a writ of summons against the defendant, and a declaration or *short note* expressing the plaintiff's cause of action shall be filed, and a copy thereof shall be sent with the writ to be set up at the Court house door by the sheriff or other officer." *Code, Art.* 10, *sec.* 10. This is purely a statutory requirement, but compliance with it is essential to the validity of the attachment proceeding. If, however, it is complied with, the statute is gratified. If the summons *is* issued with the attachment, and the short note *is* filed, and a copy of it *is* sent with the writ, and this copy *is* set up at the Court house door, nothing further is required to be done in order to give the defendant in the attachment notice of the proceeding. If the defendant be returned summoned, or if he voluntarily appears upon the return day of the writ, and contests the claim of the attaching creditor, then there becomes a short note *case*, which must be tried before that against the garnishee, or the property attached, for the simple reason, that if in this trial the claim should

be defeated, there will no longer remain any ground upon which the attachment can rest, and quashing it will follow as a necessary consequence. The defendant can also appear to the short note and have the attachment *dissolved*, by giving bond to satisfy any judgment that may be obtained against him in the case. *Code, Art.* 10, *sec.* 20. When this is done, the short note case remains on the docket for trial, and the attachment is dissolved, because the bond takes its place and secures to the plaintiff all he could obtain by its successful prosecution. But if the summons be returned *non est,* and the defendant does not appear to the short note to contest the claim, nor give bond to dissolve, then, if the attachment be *quashed* on motion, or upon petition, as in this case, for defects apparent upon the face of the proceeding, or in any other mode, or for any other reason, we think it quite clear that the whole statutory proceeding and every part of it, including the summons and the short note, fall with it, and are forever out of Court, unless the quashing order be reversed on appeal. When therefore this attachment was quashed on the 7th of July, the short note case was at an end, and the subsequent return of *non est* to the *alias* summons was of no avail for any purpose whatever.

But assuming we are wrong in this, do the two returns of *non est* to the two writs of summons issued in this attachment case, authorize another attachment to be issued under the 25th section of this 10th Article of the Code? This question requires a construction of that section, and in this we discover no difficulty whatever. The previous sections point out the mode and prescribe the conditions, for obtaining an attachment on warrant. This section provides how an attachment which shall have the same effect, may be obtained in a different mode, and without a warrant from a magistrate. It declares that "When two summonses have been returned *non est* against the defendant in any of the Courts of law of this State, the

Randle *vs.* Mellen.

plaintiff, upon proof of his claim as *hereinbefore required,* shall be entitled to an attachment, and the Judge of the Court where *such action is pending,* shall order such attachment to issue, and the same proceedings shall .be thereupon had as in attachments issued against absconding debtors." The plain meaning of this is that when an *action is pending* in any Court of law, which the Court in the exercise of its general jurisdiction has the power to try and decide, provided jurisdiction over the person of the defendant be obtained by service of the summons upon him, and in such a case there are two returns of *non est* to two successive writs of summons, then the Judge is authorized to regard such returns as evidence that the defendant is a non-resident or absconding debtor ; and if the plaintiff's cause of action be such as would entitle him to an attachment on warrant, the Judge is authorized and directed to order the attachment to issue, provided the plaintiff produces before him the same proof of his claim that he would be required to produce before the magistrate, in order to obtain his warrant to the clerk of the proper Court to issue an attachment. When the attachment is thus ordered by the Judge, it is subject to the same conditions, and the same proceedings must be had upon it as if it were an attachment on warrant, with the single exception, that the order of the Judge supersedes and takes the place of the warrant of the magistrate. But the Court in executing this power, can look only to the returns made to the writs of summons issued in the action *then pending* before it, which has been brought in the ordinary way, and which invokes the exercise of its general jurisdiction. It cannot look to returns made in an attachment proceeding under a special, limited and statutory jurisdiction. This is not within the contemplation of this section of the Code, nor within the plain meaning of the language used, and to allow it to be done, would be to allow an unauthorized and oppressive use of the writ. If his first attach-

ment be quashed for errors in the proceedings, or for any other cause which the attaching creditor thinks can be corrected, he may begin *de novo* and obtain another ; but he cannot go on and obtain successive attachments upon two returns of *non est* to writs of summons issued in the same attachment proceeding.

In either view of the case therefore, there was no error in the order appealed from, and it must be affirmed.

*Order affirmed.*