# ARTHUR STEUART et al. vs. ALCINDA M. CHAP-PELL.

*Procedure in Attachment For Unliquidated Damages After Two Non*
*Ests.*

An action of *assumpsit* to recover a definite sum as liquidated damages was brought against one C.    After several writs had been returned *non est* the plaintiff issued an attachment under Code Art. 9, sec. 24, which provides that when two summons have been returned *non est*, the plain-tiff shall be entitled to an attachment in the same manner as in cases against non-resident debtors.    The attachment so issued was quashed because plaintiff's cause of action was held to be for unliquidated dam-ages for a breach of contract.    Plaintiff then in the same case filed an amended declaration claiming unliquidated damages for a breach of contract and issued an attachment upon a petition verified by affidavit, but no new writs of summons were issued and returned *non est*.    Code Art. 9, sec. 43, provides that an attachment in an action *ex contractu* for unliquidated damages may be issued against non-residents, after the filing of a declaration setting out in detail the breach of contract veri-fied by affidavit, etc., and the practice shall conform to the proceedings in attachment for liquidated damages against non-residents.    *Held*, that this second attachment was properly quashed because the two returns of *non est* on the declaration for liquidated damages cannot be made the basis for the attachment issued upon the amended declaration for

unliquidated damages; and also because an attachment for unliquidated damages provided for by sec. 43 must be by an original and not an ancillary proceeding, and must be supported by an affidavit similar by that required by sec. 4 in an attachment against non-resident debtors; and in this case no such affidavit was filed.

Appeal from the Baltimore City Court (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES JJ.

*David Stewart,* for the appellants.

*D. W. Baker* and *George M. Brady,* for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

This is an appeal from the Baltimore City Court.    The case was here on a former occasion and the decision then rendered will be found in *98 Md.*    Suit was brought a few years ago by the appellants against Thomas C. Chappell to recover a sum of money claimed by the former to be due by the latter for professional services rendered to him by them.    After several writs of summons had been returned *non est,* in the *assumpsit* case, an attachment was issued in that proceeding upon petition under sec. 24 of Art. 9 of the Code, and it was contended on the former appeal that the amount sued for was a liquidated sum properly recoverable under an attachment founded on two returns of *non est.*    A motion was filed to quash the attachment upon the ground, amongst others, that the damages claimed were unliquidated.    The Court below quashed the attachment and upon appeal its judgment was affirmed by this Court.    *98 Md. 527.*    In the same case upon the same returns of *non est* upon which the previous attachment had been issued, a new attachment for the recovery of the same sum of money as unliquidated damages was issued out of the Baltimore City Court upon the petition of the appellants verified by an affidavit which stated that the matters and things set forth in the petition were true as therein stated and "that Thomas C. Chappell is justly and *bona fide* indebted

unto the said Arthur Steuart and James L. Steuart, partners practicing law as Steuart & Steuart, in the full and just sum of $1,000 over and above all discounts." At the time this petition and affidavit were presented to the Court, namely, on the 10th of March, 1904, a declaration was filed by the appellants containing the common money counts and also a special count setting forth somewhat in detail a statement of the services rendered by them for the said Chappell, and claiming the same sum of $1,000 as unliquidated damages. The attachment was laid in the hands of the appellee, who filed a motion to quash it, based upon various reasons. Amongst the reasons assigned it is asserted, that a writ of attachment cannot be issued under sec. 24 of Art. 9 of the Code, after two returns of *non est* for the recovery of unliquidated damages; and it is maintained that the writ of attachment was not issued as contemplated by sec. 43 of Art. 9 of the Code.

Article 9 of the Code of Public General Laws relates to the subject of attachments. The two sections of that Article just above alluded to, namely, secs. 24 and 43, provide for different kinds of attachments. Section 24 is under the sub-head of "Attachment after two *non ests.*" It provides that when two summonses have been returned *non est* against the defendant in any of the Courts of law of this State the plaintiff upon proof of his claim as required by prior sections shall be entitled to an attachment, and the Judge of the Court where such action is pending shall order an attachment to issue, and the same proceedings shall thereupon be had as in attachment issued against absconding debtors. It is clear this provision is ancillary to a suit actually pending, wherein the plaintiff has failed to secure the service of a summons upon the defendant. We held in *Dirickson* v. *Showell*, 79 Md. 51, that the plain meaning of this section is that when an action is pending in any Court of law, which the Court in the exercise of its general jurisdiction has the power to try to decide, provided jurisdiction over the person of the defendant be obtained by service of the summons upon him, and when there have been two returns of *non est* to two successive writs of summons, then

the Judge is authorized to regard such returns as evidence that the defendant is a non-resident or absconding debtor and if the plaintiff's cause of action be such, as would entitle him to an attachment on warrant, the Judge is authorized to direct the attachment to issue provided the plaintiff produce before him the same proof of his claim that he would be required to produce before a magistrate in order to obtain the latter's warrant to the clerk of the proper Court to issue the attachment. *Randle* v. *Mellen*, 67 Md. 189. In the case now under consideration the two returns of *non est* were made long before the declaration of March the 10th, 1904, was filed. After the filing of that declaration no writs of summons were issued or returned and the appellants seek to sustain the attachment for the recovery of unliquidated damages upon the two returns of *non est* made at the time when the suit was confessedly an action for the recovery of liquidated damages. We do not think it was within the contemplation of the Legislature or that it is the true reading of this sec.—24, that two returns of *non est* made when the cause of action declared on was a claim for liquidated damages, can be utilized as the basis for an attachment issued upon a declaration which proceeds for the recovery of unliquidated damages. In other words the change by the amendment took out of the case the original declaration for liquidated damages and substituted in its place a new declaration for unliquidated damages, and as to the latter cause of action no summonses were issued and no returns of *non est* were made.

But apart from this the purpose of sec. 24 was to enable a creditor to proceed against his resident debtor as if the latter were an absconding debtor provided there have been two returns of *non est*. The section, therefore, contemplates a proceeding against a resident as contradistinguished from a proceeding against a non-resident, though it permits under the circumstances mentioned in it, the resident debtor to be treated as if he were an absconding debtor. Now, when we turn to sec. 43 of Art. 9 under the sub-head "Attachments in actions *ex contractu* for unliquidated damages and in actions for wrongs

independent of contract," we find the following provision: "Attachments may also be issued against non-residents or absconding debtors in cases arising *ex contractu* where the damages are unliquidated, and in actions for wrong independent of contract, but in such cases no attachment shall issue until a declaration shall have been filed setting out specially and in detail the breach of contract complained of or the tort actually committed, verified by the affidavit of the plaintiff or some one on his behalf and until a bond shall be filed, similar in all respects to the bond required to be given in cases of attachments on original process for fraud as prescribed in sec. 38 of this Article. In cases arising under this section the practice and pleading, shall in all other particulars conform to the practice and proceedings against non-resident and absconding debtors in actions *ex contractu* for liquidated damages." This section, taken from the Acts of 1888, ch. 507, obviously has relation to an original, and not to an ancillary proceeding. Inasmuch as the proceeding under sec. 43 is an original proceeding every fact necessary to give jurisdiction must appear on the face of the affidavit which is the foundation of the attachment. To justify an attachment for unliquidated damages under sec. 43 there must not only be a declaration filed, which must be verified by the affidavit of the plaintiff, but there must in addition be the same practice and pleading as are requisite in attachments against non-resident and absconding debtors. By sec. 4 of Art. 9 relating to attachments against non-resident and absconding debtors, it is enacted that no attachment shall issue unless there be an affidavit that the debtor is *bona fide* indebted to the creditor in a certain sum over and above all discounts, and at the time of making the affidavit the creditor must produce the bond or account or other evidence of debt by which the debtor is indebted and he must also make oath that he knows or is credibly informed and verily believes that the debtor is not a citizen of the State and does not reside therein, or if the debtor resides in the State that he does know or is credibly informed and believes that the said debtor has absconded. These averments as to absconding debtors are

jurisdictional and without them no attachment can legally issue or if it does issue can, upon motion to quash, be upheld.    Inasmuch then as the proceedings under sec. 43 are required to conform to the proceedings in attachments against absconding debtors the attachment for unliquidated damages cannot be treated as auxilliary to a pending suit, but must stand upon and be supported by the averments of an affidavit similar to· that required in attachments against non-resident and absconding debtors.

As no such affidavit was made in this case, the jurisdiction to issue the attachment is wanting and the Court below was, therefore, clearly right in quashing the writ.

*Judgment affirmed with costs above and below.*

(Decided March 22nd, 1905.)