# BALTIMORE CITY COURT.

Filed May 10, 1923.

TURNER
VS.
FRANCE.

*James Morfit Mullen* for Turner.
*Roland R. Marchant* and *Allen A. Davis* for France.

FRANK, J.—

Mrs. France was sued in the Baltimore City Court. She was twice returned *non est*. Thereupon a petition was filed praying that an attachment issue under Section 25 of Article 9 of the Code, and the writ of attachment was accordingly issued.

Mrs. France filed a motion to quash, alleging various defects in the affidavit, etc. These were not insisted upon at the hearing, but the substantial ground for quashing was claimed to be that Mrs. France was not, at the time of the filing of the suit nor thereafter, a resident of Baltimore City; that she had never engaged in business in Baltimore City, but was and had always been a resident of Cecil County and that no summons to her had been returned *non est* by the sheriff or coroner of that county.

The testimony offered on her behalf clearly established that she was born in Cecil County and had always been a resident of that county, but that, in addition to her residence in that county, she has since 1909 owned a residence in Baltimore City, which she has occupied at intervals, but never for as much as six months in any one year, that she maintains a bank account in a Baltimore bank, but that she has other accounts in banks in Cecil County, and that all her business is conducted in Cecil County; that she pays taxes and is registered as a voter in that county; that until 1916 her husband, Ex-Senator France, had an office

in Baltimore City, but that except when they were at the Baltimore City house, he commuted daily from and to Port Deposit, where they maintained their residence. From 1916 to 1922 he was United States Senator from Maryland and Mrs. France and he lived for the greater part of the time in Washington.

Upon the evidence, I have no doubt that the legal domicile of Mr. and Mrs. France was, and continuously has been, in Cecil County.

The questions presented here are these:

1. That the motion to quash is bad because it joins matters in abatement and matters going to the merits. As any jurisdictional defect, whether appearing on the face of the proceedings or from evidence adduced at the hearing may be relied on, I have no hesitancy in overruling this ground of objection.

2. That Section 25 of Article 9, in terms, prescribes that the attachment shall issue "when two summons have been returned *non est* against the defendant, *in any of* the courts of law of this State. From this it is argued that although Mrs. France is undoubtedly a resident of this State it would be competent to sue her in any jurisdiction of this State, regardless of where she resides and that upon the return of two *non ests* the attachment will lie.

It is true that in Maryland, unlike in many other jurisdictions, an attachment may issue after two *non ests* against a non-resident of this State.

Steuart vs. Chappell, 98 Md. 527, 539.

But may, e. g., a resident of Worcester County be sued in Garrett County and after the return of two *non ests* (which would almost inevitably result) may an attachment be properly issued against him in Garrett County? An affirmative answer to this question is in effect the proposition advanced by the plaintiff.

The Court of Appeals holds that the design of the attachment laws is to protect our own citizens against summary proceedings as well as to give them a remedy against certain of their debtors. See e. g., *Risewick vs. Davis*, 19 Md. 82, 91, 93. The proceeding by attachment is an extraordinary remedy and while frequently resorted to, can only be maintained where the case comes within the statute. "To use it when the debtor is within the reach of ordinary process is wholly inconsistent with the spirit and design of this mode of procedure."

Barr vs. Perry, 3 Gill, 313, 326, cited in Risewick vs. Davis, 19 Md. 82, 91.

This language was used in the case of a non-resident attachment, but is applicable to the case of an attachment after two *non ests*.

In Steuart vs. Chappell, 100 Md. 538, 540, 541, Chief Judge McSherry, following several earlier cases, said that "the purpose of Section 24 (now 25) was to enable a creditor to proceed against his *resident debtor* as if the latter were an *absconding debtor* provided there have been two returns of *non est.*" And "that the plain meaning of this section is, that, when an action is pending in any court of law, which the court in the exercise of its general jurisdiction has the power to try and decide, *provided jurisdiction over the person of the defendant be obtained by service of the summons upon him,*" the attachment after two *non ests* may issue (italics mine).

If the meaning of this section is that the attachment may issue against residents of Maryland only where the court might acquire jurisdiction over the person of the defendant by service of summons upon him (and this in effect is what the Court of Appeals has said in several cases, Steuart vs. Chappell, supra, and cases there cited) then it would necessarily follow that the attachment can issue only where two *non ests* have been returned in the court in which jurisdiction over the person of the defendant might under the law be obtained by the service of the summons upon him.

By Section 147 of Article 75, the defendant can be sued only in the county in which he resides, provided that he does not carry on any regular business or habitually engage in any vocation or employment in another county, and provided that he has not been returned *non est* in a summons issued in the county in which he resides.

It follows, therefore, that the attachment cannot lie against Mrs. France unless she resides in Baltimore City, within the meaning of Section 147 of Article 75.

3. This brings us then to the third contention made by the plaintiff, that

Mrs. France does reside in Baltimore City, within the meaning of the last-named section of the Code.

It is clear that the facts that Mrs. France has a bank account in a Baltimore City Bank, and that Senator France, prior to 1916, maintained an office in this city, do not amount to carrying on business in Baltimore City, within the meaning of the statute. Gemundt vs. Shipley, 98 Md. 657, 660, etc., is conclusive on these points.

It is too clear for argument that Mrs. France resides in Cecil County. It is equally clear, as we have seen, that she does not carry on a regular business or habitually engage in some vocation or employment in Baltimore City. Unless, therefore, the statute contemplates that a resident of one county may acquire a sort of subsidiary residence in another county, which will render him or her subject to suit primarily in the latter county, there can be no right to sue Mrs. France in Baltimore City, until after a *non est* has been returned against her in Cecil County.

I can find no warrant for any such proposition in the words of the statute. Its language is that "no person shall be sued out of the county in which he resides until the sheriff or coroner of the county in which he resides shall have returned a *non est* on a summons issued in such county." It will be noted that the right to sue is strictly limited to the county (not counties) in which the defendant resides.

There are three exceptions to this rule, in the case of each of which, the defendant may be sued in another county:

First: When a non est has been returned in his county;

Second: When he has absconded from justice in the county where he lives, and

Third: Where he carries on any regular business or habitually engages in any avocation or employment in another county.

Article 75, Section 147.

None of these exceptions apply here and, therefore, Mrs. France can only be sued in the county in which she resides. Under all the authorities as between Cecil County and Baltimore City, she resides in Cecil County.

Tyler vs. Murray, 57 Md. 418, 441, 443; Gambrill vs. Schooley, 95 Md. 260, 271; Winakur vs. Hazard, 140 Md. 102.

The language of our statute affords no ground for the contention that a subsidiary residence may be acquired which may serve as the basis for jurisdiction. The enumeration of the three classes of cases in which a person may be sued outside of the county of his residence would seem to preclude the existence of another class of cases such as is contended for in this case.

There is no presumption of jurisdiction in this case because Mrs. France was never summoned. This case is unlike that of Gambrill vs. Schooley, supra, 270, etc., where the fact that defendant was summoned was held to raise the presumption of jurisdiction in the court which threw upon the defendant the burden of disproving jurisdiction. Even if this burden had been on Mrs. France, it has, in my opinion, been amply met.

For these reasons the motion to quash the attachment will be granted, and it is accordingly so ordered.